## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MARGARITA MARTINEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.: _____** |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY AND JOSE** | § | |
| **ANTONIO ARENAS,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
### <u>NOTICE OF REMOVAL</u>

Defendant Allstate Vehicle and Property Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

## I.    <u>INTRODUCTION</u>

1.        This is an insurance coverage and bad faith case. On July 11, 2019, Plaintiff filed her Original Petition in Cause No. 2019-47041 in the 61st Judicial District Court of Harris County, Texas, initiating a civil cause of action against Defendants. <u>Exhibit F.</u>

2.        Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant Allstate. Defendant Jose Antonio Arenas has been improperly joined for the purpose of defeating diversity.

3.        Plaintiff alleges multiple causes of action against Defendants related to Defendants' handling of a property insurance claim submitted by Plaintiff. Plaintiff specifically alleges breach of contract (Allstate only); non-compliance with Chapter 542 of the Texas Insurance Code (Allstate only);  and non-compliance with Chapter 541 of the Texas Insurance Code and "bad

faith" (Allstate and Arenas). Plaintiff further alleges that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code. Plaintiff seeks "monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." <u>Exhibit F at ¶ 5</u>.

4.     Allstate received the Citation and Plaintiff's Original Petition by certified mail on or about July 18, 2019. Allstate did not file an Original Answer prior to removal, and thus will file its initial responsive pleading in accordance with Federal Rule of Civil Procedure 81(c). However, on August 9, 2019, Allstate filed its Written Notice of Election of Legal Responsibility for Agent. <u>Exhibit L</u>. As of the time of this filing, Arenas has not yet filed an answer nor otherwise appeared in this case.

5.     Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Harris County state court in which this case was previously pending.

## II.     <u>GROUNDS FOR REMOVAL</u>

6.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the viable parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.     <u>Complete Diversity Exists Between the Viable Parties.</u>

7.     According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Harris County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 ( 5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted).

Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8.      Allstate is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Allstate is now, and was at the time this action was commenced, a citizen of the State of Illinois.

9.      Although Arenas is a Texas citizen, he has been improperly joined in this lawsuit solely in an effort to defeat diversity jurisdiction. A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.,* 385 F.3d 568, 571 (5th Cir. 2004) *In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92,42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

10.      Texas Insurance Code § 542A applies to Plaintiff's claims against Defendants. As a condition precedent to bringing suit under § 542A, Plaintiff was required to provide each Defendant with, among other things, 61 days written notice of her intent to file this action. TEX. INS. CODE 542A.003(a) ("In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action."). The statute

---

specifies the information Plaintiff must provide, which includes "a statement of the acts or omissions giving rise to the claim." TEX. INS. CODE 542A.003(b)(1).

11.      One purpose of requiring a claimant to provide pre-suit notice is to allow an insurer to elect legal responsibility for its agents *before* a lawsuit is commenced. TEX. INS. CODE 542A.006(a) ("[I]n an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."). When an insurer makes the election before a claimant files her lawsuit, "no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." TEX. INS. CODE 542A.006(b) (emphasis added).

12.      In this case, Plaintiff failed to give the requisite written notice to of her intent to sue Arenas to either Allstate or Arenas himself before filing Plaintiff's lawsuit. Arenas is not listed as a recipient of Plaintiff's notice letter under § 542A, and the letter itself is plainly written to the attention of Allstate alone and makes no reference to any damages purportedly owed by Arenas, individually. Given Plaintiff's failure to give written notice of any act or omission by Arenas as well as Plaintiff's failure to give written notice of her intent to sue Arenas, Allstate had no choice but to file its election of legal responsibility for Arenas after suit was filed. *See* TEX. INS. CODE 542A.006(c). While this action will ultimately be dismissed with prejudice against Arenas, had Plaintiff followed the dictates of § 542A as she was required to do, Allstate would have elected responsibility for its agent pre-suit – meaning that Plaintiff would have had no basis to file a lawsuit against Arenas in the first place. The Court should not allow Plaintiff to frustrate the purpose of the statute to her advantage simply to avoid federal removal.

13.     To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross* v. *CitiFinancial, Inc.,* 344 F.3d 458,461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H–09–1728, WL 3602043, *3 (S.D. Tex. Oct. 27, 2009) (Werlein, J.). Allstate satisfies the second proof. Had Plaintiff provided Allstate with the requisite pre-suit notice, Allstate would have made a pre-suit election of responsibility for its agent Arenas. Plaintiff would have been unable to establish a cause of action against non-diverse agent Arenas because a pre-suit election establishes that "no cause of action exists." TEX. INS. CODE 542A.006(b). Plaintiff plainly failed to follow the statute in an effort to avoid federal removal.

14.     In addition to its arguments under Texas Insurance Code § 542A, Allstate also argues that Plaintiff's Original Petition does not establish a cause of action against agent Arenas separate and apart from Plaintiff's causes of action against Allstate. Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). In the instant case, this Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on Arenas. *See Ross,* 344 F.3d at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.* In evaluating that question, the Fifth Circuit has held that the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *See Campbell v. Stone Ins., Inc.,* 509

---

**DEFENDANT'S NOTICE OF REMOVAL**

F.3d 665, 669 (5th Cir. 2007) (citing *Ross,* 344 F.3d at 462-63); *accord Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

15.     In order to assert a cognizable claim, a plaintiff must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery). In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *See, e.g., Okenkpu v. Allstate Texas Lloyd's*, No. H–11–2376, 2012 WL 1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Gonzales v. Homeland Ins. Co. of New York,* No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011) (Harmon, J.); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011) (Harmon, J.); *Jiminez v. Travelers Indem. Co.,* No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar.25, 2010) (Harmon, J.); *Glen Willow Apartments v. Lexington Ins. Co.,* No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001) (Harmon, J.).

16.     Plaintiff's bare-bones and boilerplate factual allegations against Arenas do not form the basis of an independent cause of action against him as opposed to Allstate. Exhibit F at ¶¶

11-13. Rather, Plaintiff has filed suit against Arenas for the same reasons that Plaintiff filed suit against Allstate. She is unhappy that Allstate denied "full" payment to her.

17.    Texas law does not contemplate that agent Arenas will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). As Judge Melinda Harmon noted, claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 4:10-cv-01846, Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations similar to those asserted by Plaintiff in the instant case insufficient to establish the possibility of a claim against the adjuster). In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Mainali Corp. v. Covington Specialty Insurance Co.,* No. 3:15-CV-1087-D, 2015 WL 5098047, 3:15-CV-1087-D (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *One Way Investments v. Century Surety Company*, No. 3:14-CV-2839-D, 2014 WL 6991277 (N.D.

Tex. Dec. 11, 2014) (Fitzwater, J.) (finding almost identical allegations against an adjuster insufficient to assert a cognizable cause of action against the adjuster); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to coverage at issue); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. 2009) (pleading that individual defendant was one of the adjusters assigned to Plaintiff's claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that caused the harm); *Lopez v. United Property & Casualty Ins. Co.*, 2016 WL 3671115, CA NO. 3:16-CV-0089 (S.D. Tex. July 11, 2016) (finding allegations virtually identical to those asserted by Plaintiff in the instant case insufficient to establish the possibility of a claim against the adjuster).

      18.      Plaintiff does not allege any facts regarding specific misrepresentations by Arenas, nor does Plaintiff allege any specific detrimental reliance and injury from any such representation. Texas courts have held that post-loss misrepresentations do not give rise to Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex.

---

App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied). Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually within the policy's terms was not sufficient to be a misrepresentation under the Texas Insurance Code. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

19.    Based upon the allegations in Plaintiff's live pleading, there is no reasonable basis for predicting that Texas law will impose liability on agent Arenas for Plaintiff's Insurance Code claims or that Plaintiff can establish a cause of action against him in state court. Arenas has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court and his citizenship, therefore should be disregarded. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant.

20.    As of the time of this filing, Arenas not yet filed an answer nor otherwise appeared in this case Thus, his consent to removal is not required.

**B.    <u>The Amount in Controversy Exceeds $75,000.</u>**

21.    Additionally, the claims asserted by Plaintiff exceed $75,000. Plaintiff seeks "monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." <u>Exhibit F at ¶ 5</u>. Thus, should Plaintiff prevail on her claims herein, the damages potentially to be awarded exceed $75,000 on their face.

### III.    <u>VENUE</u>

22.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 61st Judicial District Court of Harris County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

---

## IV.   PROCEDURAL REQUIREMENTS

23.   Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Civil Case Information Sheet filed in the 61st Judicial District Court of Harris County, Texas on July 11, 2019 |
| D. | Civil Process Request Form for Allstate filed in the 61st Judicial District Court of Harris County, Texas on July 11, 2019 |
| E. | Civil Process Request Form for Jose A. Arenas filed in the 61st Judicial District Court of Harris County, Texas on July 11, 2019 |
| F. | Plaintiff's Original Petition filed in the 61st Judicial District Court of Harris County, Texas on July 11, 2019 (Cause No. 2019-47041) |
| G. | Certified Mail Tracking for Allstate Vehicle and Property Insurance Co. |
| H. | Certified Mail Tracking for Jose Antonio Arenas |
| I. | Certified Mail Receipt for Allstate Vehicle and Property Insurance Co. |
| J. | Certified Mail Receipt for Allstate Jose Antonio Arenas |
| K. | Domestic Return Receipt of Allstate Vehicle and Property Insurance Co. |
| L. | Defendant Allstate Vehicle and Property Insurance Company's Written Notice of Election of Legal Responsibility for Agent filed in the 61st Judicial District Court of Harris County, Texas on August 9, 2019 |
| M. | List of Counsel of Record |

24.   This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Allstate with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

25.   Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in

the state court action are attached to this Notice.

26.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

27.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 61st Judicial District Court of Harris County, Texas promptly after filing of same.

## V.    <u>CONCLUSION</u>

Allstate respectfully requests that the above-captioned action now pending in 61st Judicial District Court of Harris County, Texas be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully Submitted,


*/s/ Susan E. Egeland*
W. NEIL RAMBIN
ATTORNEY-IN-CHARGE
State Bar No. 16492800
Southern District No. 5450
rambindocket@dbr.com

OF COUNSEL:
SUSAN E. EGELAND
State Bar No. 24040854
Southern District No. 1804016
susan.egeland@dbr.com
SARA E. INMAN
State Bar No. 24073098
Southern District No. 3008974
sara.inman@dbr.com
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on August 9, 2019.

David Bergen
dbergen@dalyblack.com
Richard D. Daly
rdaly@dalyblack.com
ecfs@dalyblack.com
DALY & BLACK, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098


*/s/ Susan E. Egeland*
SUSAN E. EGELAND

---

**DEFENDANT'S NOTICE OF REMOVAL**