United States District Court
Southern District of Texas
**ENTERED**
November 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARGARITA MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-2975 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Before the Court is Defendant Allstate Vehicle and Property Insurance Company's Motion for Summary Judgment (Doc. 28), as well as its Motion to Strike (Doc. 35) and Motion for Judgment on the Pleadings (Doc. 14). On November 19, 2020, the Court orally denied all three of Allstate's motions. (Minute Entry of November 19, 2020.) The Court now writes to set out the reasons for those denials.

### I.  Background

This is a home insurance case. Plaintiff Margarita Martinez's home was insured by Allstate for roughly $345,000. (Doc. 28 at 3.) Martinez reported a claim to Allstate for weather damage. (Doc. 28 at 4.) Allstate's claims adjuster estimated the damage to Martinez's home at roughly $3000, which was below her deductible. (*Id.*) Martinez filed suit and invoked appraisal. (*Id.* at 4–5.) The appraisal yielded an award of $45,600, which Allstate paid, less Martinez's $6900 deductible but plus $5700 in interest. (*Id.* at 5.)

Martinez concedes that payment of the appraisal award negated two of her original three claims, leaving only a claim under the Texas Prompt Payment of Claims Act (TPPCA). (Doc. 31 at 1.) Allstate moves for summary judgment on the TPPCA claim. It contends that (1) the TPPCA

1

claim is precluded by its payment of the appraisal award and interest; and (2) the TPPCA claim fails because Martinez cannot prove coverage under her policy. (Doc. 28 at 12.) The Court disagrees on both grounds.

## II.     Standard of Review

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (internal quotation marks omitted).

## III.    Discussion

Allstate contends that it is entitled to summary judgment for two primary reasons: its payment of Martinez's appraisal award plus interest, and Martinez's failure to prove coverage under her policy. The Court will consider each question in turn.

The first question—whether payment of the appraisal award plus interest resolves Martinez's claim—is controlled by the Texas Supreme Court's decision in *Barbara Technologies Corporation v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019). That case presented a fact pattern substantively equivalent to this one. An insured filed a claim with an insurer; the insurer denied liability; the insured filed suit and appraisal was invoked; the appraisal award was substantially greater than the deductible; and the insured paid the appraisal award. *Id.* at 809–10. The parties then disputed whether the insured could still seek to recover on its TPPCA claim. *Id.* at 810, 813.

The Texas Supreme Court held that "[n]othing in the TPPCA would excuse an insurer from

2

liability for TPPCA damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline, regardless of use of the appraisal process." *Id.* at 819. In other words, the court held that, where an insurer would otherwise be liable under the TPPCA, the fact that an appraisal award was eventually paid would not abrogate that liability. Thus, where an insurer is liable for an insured's claim and fails to pay that claim within the statutory period, the insurer is not insulated from TPPCA liability because subsequent litigation results in an appraisal award that the insurer pays in full.

The upshot is that, under *Barbara Technologies*, Allstate cannot argue that the TPPCA claim is barred by its payment of the appraisal award. Rather, if Allstate is liable for Martinez's claim under the policy, then its payment of that claim was not prompt and it is liable under the TPPCA.

There is, however, a twist in this case: Allstate not only paid Martinez the appraisal award; it also paid her interest. And interest, "together with reasonable and necessary attorney's fees," is the full measure of damages under the TPPCA. Tex. Ins. Code § 542.060(a). So Allstate contends that its payment of interest mooted Martinez's case.

The Court disagrees. Allstate is correct that if only attorney's fees were at issue, Martinez's claim would likely be mooted.[1] *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019). But

---

[1] It is worth noting that Allstate appears to have paid Martinez interest for a tactical reason: to moot her TPPCA claim and thereby avoid paying her attorney's fees. Notwithstanding the interest payment, Martinez was forced to hire a lawyer only due to Allstate's initial errors. Indeed, Allstate apparently lowballed Martinez in its initial estimate of her claim, forcing her to file suit to recover her damages. It then went to appraisal, where damages were calculated at over fifteen times Allstate's original estimate. At that point, Martinez had been forced to hire an attorney and engage in the early stages of litigation and an appraisal. Allstate, meanwhile, had been decisively defeated in the appraisal, and belatedly attempted to resolve the case by paying both the appraisal award and interest. But the interest payment failed to make Martinez whole, because she had been forced—by Allstate's initial refusal to pay her claim—to pursue litigation and pay an attorney.

3

Allstate has not conclusively shown that the TPPCA claim was resolved. Allstate's position effectively amounts to an argument that it settled Martinez's TPPCA claim. But Martinez clearly disputes this argument. And, under Texas law, for Allstate's payment to Martinez to constitute a settlement of the TPPCA claim, there must be evidence of a mutual intent to avoid litigation by accepting a contract and relinquishing the relevant legal claims. *See, e.g.*, *Priem v. Shires*, 697 S.W.2d 860, 863–64 (Tex. Ct. App. 1985). Here, there is no such evidence. Rather, there is simply a claim that Allstate sent a payment to Martinez that may or may not constitute the full amount of the interest owed to her under the TPPCA. Even if Allstate had sent Martinez ten times her putative TPPCA damages, the Court would not be entitled to dismiss Martinez's TPPCA claim absent evidence of a mutual intent to settle that claim. Martinez remains entitled to pursue her TPPCA claim, even if her damages—should she prevail—will need to be offset by any overpayment Allstate previously rendered to Martinez. Therefore, Allstate's first argument fails.

Allstate's second argument is less tenable. Allstate argues that Martinez cannot satisfy the first element of a TPPCA claim: that Allstate was liable to her under her policy. *See Barbara Techs.*, 589 S.W.3d at 813. The Court strongly disagrees that this element is capable of resolution on summary judgment.

Allstate argues that Martinez cannot prove coverage under her policy because she previously filed a claim with Allstate for which she reported similar damage and which Allstate found not to be covered. (Doc. 28 at 15.) Allstate's previous finding was based on its adjuster's conclusion that the damage to Martinez's home resulted from "normal wear and tear" and "construction defects related to a bird house on the back wall of [Martinez's] house." (Doc. 29 at 7.) Allstate alleges that this was the same damage for which it ultimately paid the appraisal award. And Martinez's policy did not cover the alleged causes of that damage. (Doc. 28 at 16.) Therefore,

4

Allstate argues, it is entitled to summary judgment.

Martinez counters this argument with the affidavit of her appraiser, who attests that the damages on which the appraisal award was based were "caused by storms that occurred during the policy period."[2] (Doc. 32 at 4.) That affidavit plainly creates a fact question as to whether the damage to Martinez's home was covered under her policy. Thus, Allstate is not entitled to summary judgment based on a lack of coverage.

It is worth underscoring the absurdity of Allstate's position. Allstate refused to pay Martinez's claim based on its assessments that (a) she caused the damage and (b) the quantum of damage was minimal. It then went to appraisal, where the umpire evidently disagreed with Allstate on both counts. Allstate then paid the appraisal award. It now argues that its original assessments of both the cause and quantum of damage were not only arguably correct but so indisputably correct that Allstate is entitled to summary judgment. In other words, to grant Allstate summary judgment, this Court would have to accept that the appraisal award in Martinez's favor was not even arguably justified. Given the affidavit of Martinez's appraiser, which presents evidence to the contrary, summary judgment is not appropriate.

The court briefly notes Allstate's three remaining arguments.

First, Allstate argues that it is not liable under the TPPCA because it complied with all applicable deadlines. That argument lacks merit. Under *Barbara Technologies*, if Allstate is liable

---

[2] Allstate characterizes this affidavit as a "sham affidavit," in part because it does not sufficiently discuss weather conditions, and moves to strike it from the summary judgment record. (Doc. 35 at 3.) The Court disagrees. "A sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment." *Axxiom Mfg. Inc. v. McCoy Invs., Inc.*, 846 F. Supp. 2d 732, 749 (S.D. Tex. 2012). The affidavit of Martinez's appraiser is a far cry from a sham affidavit. It is entirely consistent with his role in the appraisal process—which was, the Court notes, vindicated by the appraisal umpire. And it is clearly premised on personal knowledge obtained through the appraisal process. For those reasons, Allstate's Motion to Strike is denied.

under the policy—which the Court has held is not capable of resolution on summary judgment—then its failure to pay Martinez's claim until well after the statutory payment period closed violated the TPPCA. *See* 589 S.W.3d at 818–19; Tex Ins. Code § 542.058(a).

Second, Allstate argues that it is not liable for attorney's fees based on the statutory formula for calculating those fees, which is pegged to "the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property." Tex. Ins. Code § 542A.007(a)(3)(A). But this argument is predicated on Allstate's being "entitled to summary judgment on all of [Martinez's] claims" and there being "no additional damages [Martinez] can recover for her TPPCA claim," neither of which is the case, so it also fails. (Doc. 28 at 21–22.)

Finally, Allstate advances an argument based on Federal Rule of Civil Procedure 68, which provides that an offeree must pay costs to an offeror "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d). Allstate alleges that Martinez declined its offer to settle her claims for $8000, but that she cannot establish that she is entitled to more than $8000 in damages and that Allstate should therefore be granted costs on summary judgment. The Court is unable to find any case in which a party used Rule 68(d) as a cudgel in summary judgment to extract costs from the opposing party based on a premature calculation of damages. In any event, Allstate does not present dispositive evidence that Martinez's damages—including both interest and attorney's fees—will be less than $8000.

In short, all of Allstate's arguments fail. This case is not suited for summary judgment.

### IV.   Conclusion

For the reasons stated above, the Court **DENIES** Allstate's Motion for Summary Judgment and Motion to Strike. It also **DENIES** Allstate's Motion for Judgment on the Pleadings, which

remains pending but fails for substantially the same reasons.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 20th day of November, 2020.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE